UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
LANDEL ELLIS                                                                          15 CV 2228 (SLT)(CLP)

                            Plaintiff,                                      **SECOND AMENDED**
                                                                **COMPLAINT**

        -against-                                                            **JURY DEMAND**

P.O. DEREK HARRIS, LIEUTENANT ROBERT
MORABITO and POLICE OFFICER NASH
(SHIELD #17103)

                          Defendants.
-----------------------------------------------------------------x

      Plaintiff, by his attorney, Law Office of Philip Akakwam, P.C., complaining of the defendants P.O. Derek Harris, Lieutenant Robert Morabito and P.O. Nash, Shield #17103 (collectively "defendants"), upon information and belief alleges as follows:

### INTRODUCTION

      1. This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiff by the First, Fourth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], and arising under the laws and statutes of the City and State of New York.

      2. Plaintiff seeks monetary damages for: the false arrest, false imprisonment, malicious prosecution and violation of his federally guaranteed constitutional and civil rights. Plaintiff seeks whatever other relief is appropriate and necessary in order to serve the interest of justice and assure that his remedy is full and complete.

**JURISDICTION**

3.  The jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343[3] and [4] in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and under the Fourth and Fourteenth Amendments to the United States Constitution.

4.  Jurisdiction is also invoked pursuant to 28 U.S.C. Section 1367, entitled Supplemental Pendent Party Jurisdiction.  Plaintiff requests that the Court invoke pendent jurisdiction over any and all claims arising under the laws and Constitution of the State of New York.

5. Venue is proper in this district under 28 U.S.C. § 1391(b).

**PARTIES**

6.  Plaintiff, a black male, is a resident of the City of New York, County of Queens and State of New York.

7. At all times relevant herein, defendants P.O. Derek Harris, Lieutenant Robert Morabito and P.O. Nash, Shield #17103 were police officers employed by the City of New York through the New York City Police Department (NYPD).

8.  Plaintiff is suing the defendant officers in their individual and official capacities.

**FACTS COMMON TO ALL CAUSES OF ACTION**

9.  On or about July 8, 2014, at approximately 12:30 p.m., plaintiff was arrested near the intersection of 146 drive and 177 Street, in Queens New York while plaintiff was sitting on the sidewalk near a fence with her two infant kids. Plaintiff was arrested by defendant officers without probable cause and without justification or reasonable suspicion.

10.  On the date and time aforesaid, plaintiff was sitting by the side of a fence which was providing a shade from the sun. Plaintiff had his 3 year old son and nine month old daughter in

their child seats by plaintiff's side. Then defendant police officers approached plaintiff as he was watching over his kids.

11. The officers asked plaintiff why he had the kids in their child seats outside; plaintiff told them that it was too hot inside his truck and that he wanted to have some air outside under the shade provided by the fence.

12. They asked plaintiff whether he was trying to play smart with them. They told him that if he plays smart with them they were going to have his kids taken away. Then they ordered plaintiff to get behind his truck and sit on the bumper.

13. While one of the officers questioned plaintiff and ran his name as he was sitting on the bumper, the other two officers searched plaintiff's vehicle.

14. Plaintiff explained to the officers that he was just relaxing with the kids near the fence which was away from the direction of the sun while he waited for his sister to pick them up and take them to their mother when she gets off from work. Plaintiff told them where the kids mother worked and what time she was going to get off from work. The officers were not interested in any of these information.

15. Defendant Officer Harris searched plaintiff and although he did not find anything illegal on him, he placed him under arrest, cuffed him and placed him in the police vehicle.

16. Plaintiff was not told the reason for his arrest until after he had been brought to the precinct where he was told that he was being arrested for unlawful possession of marijuana and endangering the welfare of his children. Plaintiff told the officers that there was no marijuana in his vehicle.

17. The officers called an ambulance and had plaintiff's kids transported to Long Island

Jewish Hospital.

18. Defendant Officers Harris and Nash called the office of Administration for Children's Services (ACS) and misrepresented to them that plaintiff was endangering the welfare of his kids.

19. Plaintiff was transported to the 105 police precinct where he was detained for more than 12 hours before being taken to Central Booking.

20. While at the precinct, the defendant officers verbally harassed plaintiff by calling him a sex offender and a pedophile.

21. Plaintiff told the officers that he was going to file a complaint against them for harassment. He asked the officers for a form to file a complaint.

22. Because plaintiff had requested information to file a complaint against the officers, the officers claimed that plaintiff needed psychiatric examination and they transported plaintiff to Queens hospital for evaluation.

23. Plaintiff underwent psychiatric evaluation at the hospital where the doctors determined that there was nothing wrong with plaintiff.

24. In the meantime, while plaintiff was in detention, the defendants, in collaboration with ACS released plaintiff's kids to strangers without any proper investigation into their status. Defendants failed to contact the mother of the kids who continued to think that her kids were with plaintiff, their father.

25. After plaintiff was discharged from the hospital, he was taken back to Central Booking where he was detained until the following day when he was brought before a judge.

26. Defendant Lieutenant Morabito supervised P.O. Harris and P.O. Nash in the above-detailed unlawful conduct, including approving plaintiff's arrest.

27. To cover up their misconduct, defendants P.O. Harris and Lieutenant Morabito intentionally and purposely provided false statements and information to the office of the District Attorney of Queens County to cause plaintiff to be prosecuted.

28. Based on false information provided by said defendant officers, plaintiff was charged with endangering the welfare of his kids and for unlawful possession of marihuana.

29. Plaintiff was granted bail but was unable to post bail. He was taken to Rikers Island where he was detained for about 10 days before the bail was vacated.

30. Plaintiff was released after bail was vacated. Thereafter, plaintiff had to appear in court more than five different times before all the charges against him were dismissed.

31. And plaintiff suffered and continues to suffer emotional distress, fear, humiliation, embarrassment, shock, loss of liberty, loss of income, psychological trauma, pain, and damage to reputation as a consequence of the defendants' unlawful conduct alleged herein.

32. Defendant Officers acted together and in concert sanctioning and ratifying and otherwise condoning the wrongful actions being taken by each of the defendant Officers in a collective manner and fashion.

33. Plaintiff has no other adequate remedy at law but for this action.

### AND AS FOR A FIRST CAUSE OF ACTION: 42 U.S.C. § 1983 - FALSE ARREST AND IMPRISONMENT

34. Plaintiff reiterates paragraphs 1 through 33 and incorporates such by reference herein.

35. By their conduct and under color of law, defendant officers deprived plaintiff of his

constitutional right to be free from false arrest and false imprisonment.

36. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

### AND AS FOR A SECOND CAUSE OF ACTION
### (Malicious prosecution - Against All Defendants)

37. Plaintiff reiterates paragraphs 1 through 36 and incorporates such by reference herein.

38. Plaintiff was subjected to malicious prosecution and malicious abuse of the criminal process in violation of his right under the Fifth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

39. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damage herein before stated.

### AS AND FOR A THIRD CAUSE OF ACTION

40. Plaintiff reiterates paragraphs 1 through 39 and incorporates such by reference herein.

41. The conduct of defendants in taking plaintiff's children away from him and entrusting them with strangers deprived plaintiff of the affection and services of his children.

42. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damage herein before stated.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

i. For compensatory damages in an amount to be determined at trial - against all defendants, jointly and severally;

ii. For punitive damages against the individual defendants in an amount to be

6

        determined at trial;

iii.    For reasonable attorneys' fees, together with costs and disbursements of this action, pursuant to 42 U.S.C. § 1988 and to the inherent powers of this Court;

iv.    For pre-judgment interest as allowed by law; and

v.    For such other and further relief as the court deems just and proper.

Dated: Brooklyn, New York
August 10, 2017

                        LAW OFFICE OF PHILIP AKAKWAM, P.C.

                        By:        /s/
                              Philip Akakwam, Esq.
                              Attorneys for the Plaintiff
                              303 Livingston Street, 2nd Floor
                              Brooklyn, N.Y. 11217
                              (718) 858-2488

15-cv-2228 (SLT)(CLP)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LANDEL ELLIS

                        Plaintiff,

    -against-

P.O. DEREK HARRIS, LIEUTENANT ROBERT
MORABITO and POLICE OFFICER NASH
(SHIELD #17103)

                       Defendants.

---

## SECOND AMENDED COMPLAINT

---

LAW OFFICES OF PHILIP AKAKWAM, P.C.
Attorneys for Plaintiff
Office and Post Office Address
303 Livingston Street, 2nd Floor
Brooklyn, N.Y. 11217
(718) 858-2488

---

TO:

---

Service of a copy of the within is hereby admitted.

Dated:

_____